NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIKA LIZETH AVILA DE
LOPEZ; RENE MAURICIO LOPEZ
ZEPEDA; MAYBELLINE NATHALIA
LOPEZ AVILA,

       Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

       Respondent.

No. 23-3358

Agency Nos.
A212-983-475
A212-983-476
A212-983-477

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025[**]
Pasadena, California

Before: GOULD and BENNETT, Circuit Judges, and EZRA, District Judge.[***]

Petitioner Erika Lizeth Avila de Lopez (collectively with her husband and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

minor child, "Petitioners") petitions this court for review of the Board of Immigration Appeals' (BIA) final order of removal, issued pursuant to the BIA's dismissal of her claims for asylum; withholding of removal; and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

Petitioners are natives and citizens of El Salvador who illegally entered the United States in 2017. Petitioner testified before an Immigration Judge (IJ) that when Petitioners resided in El Salvador, one of their teenaged neighbors was stoned to death by the street gang Mara 18. Some weeks later, the gang member suspected of that killing hid on Petitioners' property (unbeknownst to Petitioners), where he was found and arrested. Gang members later arrived at Petitioners' home and threatened Petitioners for allowing the police onto their property. Police then helped the family move to another area in El Salvador, but because of gang activity there (as well as throughout El Salvador) Petitioners fled to the United States.

To be statutorily eligible for asylum, Petitioners must demonstrate either past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The IJ found that Petitioner, while credible, had not met

---

[1] Petitioner's claim for asylum includes her husband and child as derivatives—her claims for withholding of removal and CAT protection do not.

her burden of demonstrating past persecution, including past persecution connected to any protected ground or political opinion. The IJ also found that "[b]ecause [Petitioner] failed to meet the lower burden of proof for asylum [which requires a well-founded fear of such persecution], it necessarily follows that [she] failed to satisfy the more stringent standard of clear probability of persecution required for withholding of removal." The IJ thus denied Petitioner's applications for asylum and withholding of removal.

Applicants for CAT relief must show that it is "more likely than not [they] would be tortured if removed to the proposed country of removal," 8 C.F.R. § 208.16(c)(2), and that the torture will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," *id.* § 1208.18(a)(1). The IJ found that Petitioner had not demonstrated that any potential violence that Petitioner and her family might face would be conducted or acquiesced to by the government of El Salvador and thus denied Petitioner's application for CAT relief.

On appeal, the BIA—without expressly adopting the IJ's findings—concluded that Petitioner had failed to demonstrate past persecution; had failed to demonstrate a connection between the threats against Petitioners and any protected ground; and had failed to demonstrate eligibility for CAT relief. The BIA thus affirmed the IJ's denial of asylum, withholding of removal, and CAT protection and

dismissed Petitioner's appeal.

"When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation omitted). We review the BIA's findings under the "substantial evidence" standard. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021). That standard sets a high bar for reversal: a petition may be granted only if the record "compels the conclusion" that the BIA was incorrect. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation omitted).

1.      The record supports the BIA's conclusion that Petitioner had not demonstrated past persecution. The lone threat made against Petitioners does not demonstrate "past persecution," which typically requires more than an isolated threat of violence, never carried out. *See Villegas Sanchez*, 990 F.3d at 1179 (holding that even threats which "induce[] fear . . . do not constitute the 'extreme' case where threats alone compel a finding of past persecution"); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (holding that threats standing alone constitute past persecution only when the threats are so menacing as to cause significant actual suffering or harm).

Further, the threats against Petitioners have no nexus to any protected ground, but instead reflect a personal vendetta based on the police's search of Petitioners'

property.[2]  And the threat of personal retribution does not constitute persecution on account of a protected ground.  *See Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000).  And the record includes no evidence that Petitioners were targeted for any political opinion, let alone one imputed to them by the gang.  The lack of nexus to any protected ground forecloses Petitioner's asylum and withholding of removal claims.  *See* 8 U.S.C. § 1101(a)(42)(A).

2.     Regarding Petitioner's CAT claim, the record supports the BIA's conclusion that Petitioner is not at risk of torture at the hands of (or with the acquiescence of) Salvadoran government officials.  *See* 8 C.F.R. § 1208.18(a)(1).  As the BIA noted, the police sought to detain gang members and, following the threats leveled against Petitioners,  assisted Petitioners in relocating.

**PETITION DENIED**.

---

[2] As to Petitioner's claim that the BIA did not properly consider her particular social group (PSG) argument raised for the first time on appeal, Petitioner never made such argument before the IJ or claimed membership in a PSG as part of her asylum application.  The BIA need not consider PSGs raised for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019) (per curiam).

23-3358